No. 5904.

## GREATER NEW ORLEANS HOMESTEAD ASSOCIATION vs. GORDON S. LEVY ET ALS.

### Syllabus.

### On Motion to Dismiss Appeal.

Where the owner, under a building contract, provokes a concursus and deposits in Court a certain sum for distribution, the jurisdiction of the appellate Court is determined by the amount of this fund, and not by the amount of claims asserted against the plaintiff or against the fund, nor by the amount to which said fund may be ordered increased by the judgment of the trial Court.

Appeal from the Civil District Court, Parish of Orleans, Division "D," No. 98,068. Hon. Porter Parker, Judge.

Buck, Walshe & Buck, Mooney, Waldo, Furlow Lemle, Jones & Moreno, Gautier & R. H. Marr, for plaintiffs.

Starkey, Robbert, Manion, Fletchinger, Gill, Guilbault, Untereiner, Fayssoux, attorneys.

J. Zach Spearing for appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff, as owner, deposited in Court the sum of $1100.00, as being the balance due the contractor under a building contract, purporting to be executed in conformity with Act 134 of 1906.

The contractor, the surety and sundry claimants for labor and material were cited in order that they might assert their respective rights against the fund; and plaintiff prayed for a release from further liability and for

the discharge and cancellation of all recorded privileges against its property, and in the alternative, in the event that it should be condemned to pay any greater sum, then that it have judgment for a like sum against the contractor and the surety.

By the judgment of the trial Court plaintiff was required to deposit an additional sum of $1,026.52, thus increasing the fund to $2,126.52, which was ordered paid proportionately to the claimants for labor and material, aggregating $2,937.03.

Plaintiff has moved to dismiss the appeal on the ground that the amount involved is in excess of this Court's jurisdiction.

The motion cannot be sustained, for the jurisdiction is determined by the amount of the fund that plaintiff tendered for distribution, and not by the amount of the claims asserted against the plaintiff or against the fund, nor by the amount to which said fund was ordered increased by the judgment of the trial Court; for all of these incidents arose through the assertion upon the part of defendant, of what may be termed reconventional demands, which are not material factors in the determination of the jurisdiction of the appellate courts.

It is accordingly ordered that the motion to dismiss the appeal be overruled and rejected.

Motion to dismiss overruled.

Opinion and decree, Nov. 10, 1913.

## Syllabus on the Merits.

1. An appellate Court cannot amend the judgment as between co-appellees.

2. An owner who, in violation of the provisions of R. C. C., 2772, pays to the contractor funds arrested in his hands by the effect of the service of attested accounts, cannot recover of his surety the penalty incurred by him by reason of his unauthorized act.

3. But the surety on a building contract is not released from liability to the owner, because the latter, in violation of R. C. C., 2772, pays to the contractor an installment of the price of the building which has been arrested in his hands through the service of attested accounts. Such payment is considered as not made.

4. The surety on the bond of a building contractor in favor of the owner is not released from liability by the fact that the owner pays the contractor by anticipation, nor by the fact that payments are made without the production of the certificate of the architect as required by the terms of the contract.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

The judgment, so far as pertinent to the issues made on this appeal, was as follows:

The plaintiff, as owner, having deposited in Court the fifth and final installment of $1100.00, was ordered to add thereto the sum of $1,026.52, this being, as the Court found, that portion of the fourth installment that had been arrested in the owner's hands under R. C. C. 2772, before the owner had paid said installment to the contractor. Claims for labor and material, aggregating some $2,900.00 were ordered paid proportionately from this fund, thus increased to $2,126.52, and for the deficiency said claimants were given judgment against the owner and surety, the judgment against the owner being based upon the finding of the Court that the surety was

— 31 —

insolvent. The owner, however, upon the bond in its favor, had judgment against the surety for this deficiency. The surety alone has appealed.

The owner's answer to the appeal will first be considered.

## I.

It asks first that the judgment be amended so as to relieve it of the obligation of depositing in Court the additional sum of $1,026.52. This cannot be done, for this additional deposit was ordered made for the benefit of the several claimants for labor and material, all co-appellees of the owner, and as between them no amendment of the judgment is permissible.

The owner's alternative prayer, namely, for the judgment in its favor against the surety for the additional sum which it is required to deposit as aforesaid, will likewise be rejected. The owner was required to pay this sum, over and beyond the contract, as a penalty imposed upon it by the provisions of the Code. A penalty arising from the owner's unauthorized act is not one of the obligations embraced within the surety's contract, which is confined to indemnifying the owner for loss occasioned by the fault of the contractor. If, as the owner claims, the penalty was erroneously inflicted upon it by the trial Court, its remedy was by appeal from that judgment and not by attempting to shift the effect of that judgment upon the surety, who is in no manner connected therewith.

## II.

The surety, as appellant, complains of the judgment against him in favor of the owner, on the ground that he

was discharged from liability because the owner, in violation of R. C. C. 2772, paid the contractor the fourth installment notwithstanding that same had been arrested in its hands through the service of the attested accounts. This did not release the surety from his obligation, for the effect of the owner's unauthorized act was to impose upon the latter the obligation of providing, from its own resources and over and above the contract a larger fund for the satisfaction of claimants against the building than would have been available had the penalty not been incurred. The surety consequently cannot complain, for he was thereby materially benefited and in no manner prejudiced.

The surety denies liability to the owner upon the further ground that the latter anticipated payments to the contractor and likewise paid him without requiring the production of the certificates of the architect as prescribed by the terms of the building contract. These same defenses were interposed by a surety in the recent case of **Meyers, et als. vs. Bichow, et als.**, not yet reported; the contract in that case containing provisions identical to those of the present contract with regard to the employment of an architect and the issuance of certificates by him; and the Supreme Court held that neither the fact of anticipated payment, nor the fact that payments were made without the production of the architect's certificate, had the effect of releasing the surety from his obligation to the owner.

The surety likewise claims to have been released of his obligation to the owner by reason of the existence of a certain secret or private agreement between the contractor and one Savage, at whose request the plaintiff

was erecting the building and to whom plaintiff had contracted to sell it. The private agreement provided substantially that the contractor should make such modifications in the building as Savage required, but at the latter's expense, and moreover that the contractor should remit to Savage all his profits as contractor in excess of a certain sum. As the owner neither anthorized, contracted for nor agreed to pay for any changes made under the authority of this private agreement and is not bound for the cost thereof; and as the contract of the surety was neither increased nor enlarged thereby, it follows that the fact complained of cannot have the effect of discharging the surety, whose obligation still remains restricted to the proper performance of the original contract.

There is no merit in the surety's contention with reference to the stable, for the cost thereof, in so far at least as the rights and liabilities of the owner and surety are concerned, was reduced to meet the requirements of the contract. As to the "extras" on the work these were expressly approved in writing by the surety.

Finally the surety complains that he was improperly condemned with the owner for the payment of the deficiency that will exist in favor of the claimants for labor and material after the latter have exhausted the fund in Court. The alleged error is one of form rather than of substance, and is immaterial; for the decree of the trial Court concludes with a judgment in favor of the owner and against the surety for this deficiency, and the latter consequently is the person who is rendered ultimately liable for and who will finally have to pay this deficiency, irrespective of wether or not the alleged error exists or is corrected.

There is no error in the judgment and it is accordingly affirmed.

Judgment affirmed.·

Opinion and decree, Feb. 9, 1914.

Rehearing refused, March 9, 1914. ·

Writ denied, April 28, 1914.